**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

REDDI BEVERAGE COMPANY LLC,

                  Plaintiff,

      v.

FLORAL BEVERAGES, LLC

                  Defendant.

Case No. 23-cv-6147

## COMPLAINT

Plaintiff, Reddi Beverage Company LLC (hereinafter referred to as "Plaintiff" or "Reddi"), by and through its undersigned counsel, hereby brings this Complaint against Defendant Floral Beverages, LLC ("Floral" or "Defendant"). In support thereof, Plaintiff states as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark infringement under the common law, violations of the Uniform Deceptive Trade Practices Act (815 ILCS § 510/1 *et seq*.), the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS § 505/1 *et seq*.), and tortious interference with Plaintiff's contracts and business relationships.

2.     This action results from *inter alia*, Defendant's willful appropriation of Plaintiff's consumer goodwill and recognition through its adoption of a FLORAL trademark that is confusingly similar and nearly identical to Reddi's well established FLORA trademark. Defendant has also falsely advertised and promoted the content of its products in a manner that puts the public health at risk and damages the Plaintiff's established goodwill in its FLORA trademarks. Furthermore, Defendant has unjustifiably targeted Reddi's business partners to

1

terminate their agreements with Reddi through disparagement of Reddi's products and false material representations concerning Defendant's own products.

## THE PARTIES

3.     Plaintiff Reddi Beverage Company LLC is an Illinois limited liability company having a principal address of 1229 N North Branch St #113, Chicago, Illinois 60642.

4.      Defendant Floral Beverages, LLC is, on opinion and belief, an Indiana limited liability company having a principal address of 1532 North 325 West, Hartford City, Indiana 47348.

## JURISDICTION AND VENUE

5.     Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a). The parties in this action maintain diverse citizenship. Plaintiff is an Illinois limited liability company with a principal place of business in Illinois and Floral is a limited liability company with a principal place of business in Indiana. The amount in controversy for Plaintiff's claims exceed $75,000 either individually or in the aggregate.

6.     Venue and personal jurisdiction are proper in the Northern District of Illinois under 28 U.S.C. § 1391 (b) because a substantial part of the events or omission giving rise to the claims occurred in this district and because Defendant has promoted its infringing products online and offline to consumers in this district.

## FACTUAL BACKGROUND

*Plaintiff and the FLORA brand and marks*

7.     Since its inception in 2019, Plaintiff has been a pioneer in the beverage industry developing high quality beverages that support the health and wellness of its customers.

8.     As a beverage developer, Plaintiff has created multiple lines of beverages infused with a variety of nutrients and compounds designed to support health and provide nonalcoholic

alternatives for adult consumers. Among the nutrients and compounds used in Plaintiff's beverages are cannabinoids such as tetrahydrocannabinol (THC) and cannabidiol (CBD).

9.      Since as early as December 2019, Plaintiff has promoted and sold its beverage products under the FLORA trademarks:

| Plaintiff's FLORA Trademark In Standard Characters | Plaintiff's FLORA Trademark In Stylized Design |
|---|---|
| FLORA |  |

*See* Exhibit 1 for illustrations of Reddi's use of the above trademarks.

10.     Whether Plaintiff manufactures its products itself or licenses others to do so, Plaintiff ensures that its products bearing the FLORA trademarks are manufactured to the highest standards of quality.

11.     At great expense, Plaintiff ensures its high standards of quality are maintained and that its beverages' compounds are safe and accurate through its engagement with scientific researchers to test and scrutinize the same.

12.     Despite its relatively recent entrance into the marketplace, Plaintiff has already expended hundreds of thousands of dollars toward an extensive advertising and promotion campaign for its products under the FLORA trademarks across the U.S using marketing agencies, public relation consultants, online advertisements, traditional business to business sales, its own website and social media accounts, and a network of retail dispensaries and distributors.

13.     Plaintiff has also established a substantial consumer presence across the U.S. By 2021 Plaintiff had already established a customer base in no less than twenty-six (26) states.

14.     As a result of the foregoing, Plaintiff has established substantial common law trademark rights to the FLORA brand and trademark across the U.S.

15.     Furthermore, Plaintiff's FLORA trademarks are inherently distinctive when applied to Plaintiff's beverage products, signifying to the purchaser that the products come from Plaintiff and are manufactured to Plaintiff's arduous quality standards.

16.     Through its continuous and substantially exclusive use, Plaintiff's FLORA trademarks have also acquired secondary meaning such that the consumer has come to associate Plaintiff's beverage products with exceptional quality and ingredients. The marketplace goodwill associated with Plaintiff's FLORA trademarks are incalculable and are of inestimable value to Plaintiff.

17.     Plaintiff has also successfully procured federal trademark protection over the FLORA trademarks on the USPTO's principal register[1]; however, Plaintiff is choosing not to enforce the trademark rights attained through its federal trademark registration in this action in light of the ongoing developments and uncertainties concerning the federal legality of cannabinoids such as tetrahydrocannabinol (THC) and cannabidiol (CBD). Plaintiff awaits further congressional legislative action and further guidance from the U.S. Food and Drug Administration before Plaintiff will include its federal trademark rights into any action herein. The basis of this action is entirely premised on Plaintiff's well-established and protectable common law trademark rights and the legality of Plaintiff's products at the state level.

---

[1] Plaintiff has also applied for an Illinois State Trademark Registration and Plaintiff's Application is currently awaiting examination from the Illinois Secretary of State.

*Defendant's Unlawful Conduct*

18.     Defendant Floral has swiftly become one of Plaintiff's primary competitors in the hypercompetitive cannabinoid infused beverage industry and has not only brazenly chosen to adopt a trademark that is nearly identical to Plaintiff's FLORA trademark for the sale of products that are nearly identical to Plaintiff's beverages, but has also taken deliberate steps to cause consumer confusion in the marketplace.

19.     Defendant has and continues to sell cannabinoid infused beverages under the confusingly similar FLORAL trademarks:

| Plaintiff's FLORA Trademark | Defendant's FLORAL Trademark |
|---|---|
| FLORA | FLORAL |

*See* Exhibit 2 for illustrations of Defendant's infringing trademark use.

20.     In May 2023 Plaintiff learned that Defendant was seeking to trade on its name and goodwill when Plaintiff sought to organize its attendance at the May 20th National Restaurant Association Trade Show in Chicago ("NRA"). Between May 2nd and 3rd Plaintiff corresponded with NRA staff to reserve the #11235 booth for the NRA May trade show. By this time the Defendant had not yet reserved a booth for the NRA May trade show. Shortly after Plaintiff made its own reservation, the Defendant not only chose to attend the same trade show but also chose to reserve the booth *immediately* next to Plaintiff's #11235 booth to prominently display its confusingly similar FLORAL brand for cannabidiol infused beverages.  *See* Exhibit 3.

21.     Thereafter Plaintiff was made aware of the true extent of Defendant's infringing conduct.

22.     On opinion and belief, the Defendant owns and operates the tryfloral.com website which prominently displays Defendant's confusingly similar FLORAL trademark in association with the sale and marketing of nearly identical products. *See* Exhibit 2.

23.     On information and belief, the Defendant owns and operates the "tryfloral" Instagram account (https://www.instagram.com/tryfloral/). *See* Exhibit 4.

24.     The Defendant's packaging further exacerbates confusion by prominently displaying the confusingly similar FLORAL trademark with nearly identical products. *See* Exhibit 5.

25.     The Defendant's infringing products are also sold in the same retail establishments that sell Plaintiff's products. At times the parties' products are sold directly next to each other.



(Defendant's products on the left and Plaintiff's on the right; *See* Exhibit 6 for further illustrations.)

26.     Unsurprisingly, Defendant's actions have caused repeated instances of actual confusion to occur in the marketplace. Multiple customers have reported to Plaintiff that they have purchased and seen Defendant's products and have mistaken them for Plaintiff's products. In

addition, retailers have also confused Plaintiff for the Defendant when Plaintiff has introduced its various product offerings to retailers.

27.     Perhaps more egregiously, Defendant has reaped the benefit of consumer confusion instead of correcting the confusion. In a May 25th Instagram post by an Instagram account "ashleymgilday," a patron of the NRA May trade show posted a video holding the Defendant's products and tagged Plaintiff's Instagram account "florahempspirits." Defendant, who was not tagged in the post, commented stating "Love to see it!!" rather than correct the confusion.



(https://www.instagram.com/p/CsrxE3JLPdM/?utm_source=ig_web_copy_link&igshid=MzRlO DBiNWFlZA%3D%3D; *See* Exhibit 7)

28.     Plaintiff has also been made aware that representatives of the Defendant have targeted retailers carrying Plaintiff's products and attempted to convince them to cease continued business with the Plaintiff and to instead provide Defendant's products. Specifically, on July 11, 2023, Defendant's representatives met with one of Plaintiff's retailers and made claims that Plaintiff's products are unclean and that the Defendant's products are "cleaner." Defendant has

perplexingly made these claims despite its own misrepresentations to consumers and the impurities within its products.

29.     Notably, Defendant's "FLORAL THC Modern Mule" beverage makes the claim to consumers that per can, consumers should expect to ingest only a modest **2.5 mg** of THC. However, based on a June 19, 2023 report from "Adams Independent Testing," the FLORAL THC Modern Mule in fact contained **12.098 mg** of THC, nearly five times the amount Defendant warned of. *See* Exhibit 8. The report also detected E.Coli, Salmonella, yeast, and mold in quantities too small to report as an exact amount. *Id*.

30.     Defendant also promotes the amalgamation of its cannabidiol infused beverages with alcohol. An act Plaintiff has a strict policy against because it is antithetical to its mission and principles.

31.     Plaintiff goes through great lengths to ensure that the amounts of THC and CBD in its products are safe and accurate, and even expresses its recommendation to new users to exercise caution when ingesting cannabidiol infused beverages at even the advertised amount.

32.     Thus, the Defendant's collective conduct has not only already caused actual confusion to occur in the marketplace but also has stymied Plaintiff's ability to control, cultivate, and maintain its goodwill and reputation in the marketplace.

33.     In light of the foregoing, on June 29, 2023, Plaintiff sent a letter to the Defendant outlining its complaints and requested that Defendant cease further use of a confusingly similar trademark to the Plaintiff's FLORA mark or any other confusingly similar derivative. The Defendant has since continued its unlawful use and has provided no indication that it intends to stop all infringing activity. Defendant has also chosen to ignore Plaintiff's June letter.

34.     Without this Court's intervention, the likelihood of confusion will only escalate, Plaintiff's well-established brand and goodwill will only be further diminished, Plaintiff will continue to lose control of its reputation, and Plaintiff will continue to suffer escalating damages.

## COUNT I
## COMMON LAW TRADEMARK INFRINGEMENT

35.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36.     Plaintiff owns all right, title, and interest in and to the FLORA trademarks including all common law rights therein.

37.     Plaintiff's FLORA trademarks are valid and protectable.

38.     Plaintiff's FLORA trademarks are inherently distinctive or have otherwise acquired distinctives.

39.     Plaintiff's common law trademark rights in the FLORA trademark predate Defendant's usage of the FLORAL trademark.

40.     Defendant without authorization from Plaintiff have used and continue to use spurious designations that are nearly identical to, substantially indistinguishable from, or confusingly similar to the Plaintiff's FLORA trademarks.

41.     Defendant's acts are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers and the public as to whether Defendant's products and services originate from, or are affiliated with, sponsored by, or endorsed by Plaintiff.

42.     Defendant has acted with knowledge of Plaintiff's ownership of the FLORA marks with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill associated with the Plaintiff's FLORA trademarks.

43.     Defendant's actions were willful and malicious.

9

44.     Defendant's acts constitute trademark infringement in violation of the common law of the state of Illinois and other states.

45.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

46.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

47.     Defendant's acts have damaged and will continue to damage Plaintiff. Plaintiff has suffered and continues to suffer irreparable harm and has no adequate remedy at law.

**COUNT II**
**VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS § 510 *et seq.*)**

48.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49.     Through its use of a confusingly similar trademark for cannabidiol infused beverages and other related beverages, Defendant has passed off and continues to pass off its goods as Plaintiff's goods and has caused and continues to cause the likelihood of confusion and misunderstanding as to the source, sponsorship, approval, affiliation, connection, or association of its goods. 815 ILCS §§ 510/2 (a)(1) – (a)(3).

50.     Defendant has used deceptive representations as to the characteristics and ingredients used in its products as well as the particular quality of its products, and has intended and caused third parties to relay on the same. 815 ILCS §§ 510/2 (a)(4), (a)(5), and (a)(7).

51.     Defendant has disparaged Plaintiff's products by making false or misleading material representations of fact and has intended and caused third parties to rely on the same. 815 ILCS § 510/2 (a)(8).

52.     Defendant has further falsely advertised its cannabidiol infused products with intent not to market its products as advertised. 815 ILCS § 510/2 (a)(9).

53.     Defendant's acts are in violation of the Uniform Deceptive Trade Practices Act (815 ILCS § 510 et seq.).

54.     Defendant's actions were willful and malicious.

55.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

56.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

57.     Defendant's acts have damaged and will continue to damage Plaintiff and the public. Plaintiff and the public have suffered and continue to suffer irreparable harm and the Plaintiff has no adequate remedy at law.

**COUNT III**
**VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICE ACT (815 ILCS § 505/1 *et seq*.)**
**(Unfair Competition)**

58.     Plaintiff incorporates the foregoing allegations as if fully set forth herein

59.     Defendant's mislabeling and/or descriptions of its "FLORAL" products constitute fraud on and a deception of Defendant's and Plaintiff's consumers.

60.     These and others of the Defendant's acts further constitute unfair competition in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 *et seq*.).

61.     Defendant's actions were willful and malicious.

62.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

63.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

64.     Defendant's acts have damaged and will continue to damage Plaintiff. Plaintiff is suffering and continues to suffer irreparable harm and Plaintiff has no adequate remedy at law.

**COUNT IV**
**TORTIOUS INTERFERENCE WITH CONTRACT AND/OR BUSINESS EXPECTANCY**

65.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

66.     Plaintiff has entered into valid and enforceable commercial contracts with third party retailers governing the sale and distribution of Plaintiff's cannabidiol infused beverages, maintains ongoing business relations with the same, and has engaged in continued efforts to enter into new business relationships for the sale of Plaintiff's cannabidiol infused beverages.

67.     Defendant has either been aware of Plaintiff's valid contract with third party retailers distributing and selling Plaintiff's cannabidiol infused beverages, knew of Plaintiff's ongoing business relationships with said third parties and Plaintiff's expectancy that its business relationship would continue, and Plaintiff's ongoing efforts to cement new business relationships for the sale of Plaintiff's cannabidiol infused beverages.

68.     Defendant intentionally and wrongfully interfered with Plaintiff's business expectancy by, among other things, disparaging Plaintiff and its products through false material claims pertaining to the characteristics and quality of Plaintiff's products, and false representations concerning Defendant's own products.

69.     As a direct and proximate result of Defendant's wrongful acts, third parties have either breached their contracts with Plaintiff, terminated their business relationship with Plaintiff, or have had the fruition of their business relationship stymied.

70.     Defendant's actions were done willfully and maliciously.

71.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

72.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

73.     Defendant's acts have damaged and will continue to damage Plaintiff. Plaintiff is suffering and continues to suffer irreparable harm and Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendant as follows:

(a) Permanent injunctive relief against Defendant, its employees, agents, partners, officers, directors, owners, retailers, wholesalers, manufacturers, distributors, vendors, online vendors, assigns, and all persons in participation with any of them from:

  a. Using, displaying, and/or registering, FLORA, any trademark that is confusingly similar to Plaintiff's FLORA trademark, and the FLORAL trademark, for cannabidiol infused beverages or any other related good or service;

  b. Using any false or misleading description that can or is likely to misrepresent to the trade or public, or individual members thereof, the characteristics or qualities of any product or service advertised, promoted, offered or sold by Defendant, including but not limited to descriptions on or in point-of-purchase advertising, print advertising, and online advertising.

  c. Supporting, assisting, aiding, or abetting other persons or business entities in engaging or performing any of the activities enumerated in this Complaint.

     d. Engaging in any other activity constituting trademark infringement, a violation of The Illinois Uniform Deceptive Trade Practices act, a violation of the Illinois Consumer Fraud and Deceptive Business Practice Act, and a tortious interference with Plaintiff's contracts and business relationships.

(b) An order directing Defendant destroy:

     a. All products, packaging, and items in its possession or within its control that bear Plaintiff's FLORA trademark, any confusingly similar designation to Plaintiff's FLORA trademark, and the Defendant's FLORAL trademark, and to confirm compliance with said destruction in writing to Plaintiff;

     b. Any information and advertisements using false or misleading content that can or is likely to misrepresent to the trade or public, or individual members thereof, the characteristics or qualities of any product or service promoted, offered or sold by Defendant, including but not limited to descriptions on or in point-of-purchase advertising, print advertising, and online advertising.

(c) An order requiring Defendant:

     a. Provide an accounting to Plaintiff for all profits wrongfully derived from Defendant by its infringing products, false statements and representations, trademark infringement, and unfair competition;

     b. Recall all materials using false advertising and all infringing products displaying Defendant's FLORAL trademark, and require Defendant issue notices to all current distributors and sellers of its products and all distributors with whom they have done business in the past twelve (12) months in order to effect said recall.

c.  Provide a copy of said injunctive orders and judgments to all Defendant's current distributors and sellers of its products and all distributors and sellers of its products with whom they have done business in the past 12 months.

d.  File with this Court and serve on Plaintiff's counsel, within thirty (30) days of the date of any injunction or order, a written report made under oath setting forth a detailed description of its compliance with the injunction and other orders issued by the Court;

(d) Find that the Defendant has used false representations and competed unfairly and has damaged Plaintiff by the acts complained of herein;

(e) An order requiring Defendant account for and pay to Plaintiff's any and all profits arising from the above-described acts of infringement, in an amount to be determined at trial, but in no event less than $80,000.

(f) An order requiring Defendant pay Plaintiff punitive damages in an amount to be determined at trial caused by the above-described acts of infringement but in no event less than $80,000

(g) Plaintiff's costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by applicable law;

(h) Both pre-judgment and post-judgment interest; and

(i)  Such other relief as this Court finds just and equitable.

## **<u>Demand for Trial by Jury</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by Jury in this matter.

.

Dated: August 25, 2023

Respectfully submitted,

/s/ Daliah Saper

Daliah Saper (ARDC No. 6283932)
Brandon Campillo (ARDC No.6338787)
Saper Law Offices, LLC
505 N. Lasalle, Suite 350
Chicago, Illinois 60654
(312) 527-4100
ds@saperlaw.com
bcampillo@saperlaw.com

*Counsel for Plaintiff*